UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Stephen L. Rawlston,<br><br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>Raceway Automotive of Hartsville, Inc.,<br><br>　　　　　　　　　　Defendant | Civil Action No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

## JURISDICTION

1. Plaintiff is a citizen and resident of the State of Georgia.

2. Defendant Raceway Automotive of Hartsville, Inc. is a corporation with its principal place of business, "nerve center" and headquarters in the State of South Carolina, County of Darlington.

3. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

4. Plaintiff would further show that the amount in controversy in this case exceeds $75,000.00.

5. There is complete diversity of citizenship between all parties.

6. Thus, in addition to jurisdiction as stated above, this Court additionally has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

7. On or about September 24, 2020, Plaintiff visited Defendant concerning a 2007 Toyota Tundra truck that Defendant had advertised for sale.

8. Plaintiff's test drive of the vehicle with Defendant's employee was uneventful. No "check engine" or other warning lights were illuminated, the vehicle performed well, and the Defendant's employee assured Plaintiff he was getting a "great truck."

9. Unbeknownst to Plaintiff, there were significant mechanical problems with the truck, including with its emissions control system. As Plaintiff would later find out, all four of the truck's knock sensors were bad, as were its air injection (Smog Pump) system, and emission valves.

10. Upon information and belief, Defendant knew all of the foregoing, but took steps to conceal same, including resetting the vehicle's computer codes multiple times so that the knock sensors would be ignored, and the vehicle would initially appear to perform well (at least until the knock sensors again reduced engine timing).

11. Upon information and belief, Defendant further concealed or allowed to be concealed the engine warning lights, with a piece of black electrical tape taped over the light inside the dashboard.

12. Ignorant of all of the above, Plaintiff purchased the truck for $10,155.00.

13. While Defendant ostensibly offered the vehicle "as is" and without warranty, Plaintiff had a right to expect that conditions Defendant knew or should have known about impacting the safety of the vehicle or its federally required emissions control equipment had not been hidden or concealed from him.

14. The day after taking delivery of the vehicle, Plaintiff noticed that the truck lacked power.

15. Plaintiff took the truck to a Toyota dealer in Savannah, who found all four knock sensors failing, air injection (Smog Pump), and emission valves, which were repaired at a cost of approximately $4,200.00.

16. Plaintiff further discovered that dashboard warning light(s) that would, on Plaintiff's test drive at Defendant dealer, have alerted him to the above problems, had been concealed by a piece of black tape affixed behind the dashboard. **See, Exhibit A.**

17. Upon information belief, Defendant knew or should have known of the condition of the emissions control unit, but actively concealed or failed to disclose same in violation of state and federal law.

18. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has been damaged.

19. As a direct and proximate result of Defendant negligent, reckless, willful, intentional, and unlawful conduct, its violations of the Plaintiff's statutory rights under state and federal law Plaintiff has been damaged in an amount to be determined by the trier of fact.

20. The harms caused by Defendant is likely to be redressed by a favorable judicial decision, and through both injunctive relief, an award of damages, and assessment of fines and punitive damages.

## FIRST CAUSE OF ACTION

### (Breach of Contract Accompanied by Fraudulent Act)

21. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

22. Prior to the acts complained of herein, the parties had entered a binding contract for the sale of a vehicle to Plaintiff with working emissions control equipment.

23. Plaintiff further understood that he was buying (and Defendant implicitly represented) that Plaintiff was purchasing a vehicle with no warning lights illuminated.

24. Defendant breached the above contract by delivering a vehicle with concealed conditions materially affecting safety, emissions control, and performance.

25. Plaintiff performed the contract as agreed, paying Defendant the price asked for.

26. Plaintiff would not have paid the above price – or any price – had the concealed conditions been known to him.

27. As a direct and proximate result of Defendant's breach Plaintiff suffered (1) out-of-pocket costs actually incurred as a result of the contract; and (2) the gain above costs that

would have been realized had the contract been performed and such other damages as may be proven at trial.

28. Defendant acted with fraudulent intent relating to its breaching of the contract.

29. As a direct and proximate result of Defendants' fraudulent act, Plaintiff is entitled to such additional damages, including punitive or exemplary damages.

## SECOND CAUSE OF ACTION

### (Fraud)

30. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

31. Defendant made express or implied representations of fact to Plaintiff concerning the vehicle's condition as stated above.

32. The representations were false, and the true condition was concealed, creating the impression that no warning lights were illuminated and the vehicle did not have serious emissions control issues.

33. The representations were material.

34. Defendant knew or should have known that the representations were false, or recklessly disregarded their truth or falsity.

35. Defendants acted with intent that the representations be relied and acted upon.

36. Plaintiff was ignorant of their falsity.

37. Plaintiff relied on their truth, as well as the lack of any warning lights as a representation or warranty that none were illuminated.

38. Plaintiff had a right to rely thereon.

39. As a direct and proximate result, Plaintiff was injured.

## THIRD CAUSE OF ACTION

### (Violation of S.C. Code §56-15-10, et. seq.)

40. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

41. Defendant is a "dealer" or "motor vehicle dealers" as defined by 56-15-10(h).

42. Defendant sells motor vehicles in South Carolina.

43. Defendant's acts, as described above, constitute unfair and deceptive acts or practices.

44. Defendant engaged in multiple actions in bad faith, were unconscionable or which caused damages to any of the parties or to the public, and committed such other violations of Title 56 as may be shown at trial.

45. As a direct and proximate result of Defendant's wrongful acts, Plaintiff is entitled to temporary and permanent injunction requiring Defendant to immediately refrain from the above conduct, and is further entitled to double the actual damages Plaintiff sustained, the costs of this suit, and reasonable attorney's fees.

46. Further, due to Defendant's knowing, malicious conduct, Plaintiff is entitled to recover punitive damages not to exceed three times the actual damages.

## FOURTH CAUSE OF ACTION

### (Misrepresentation / Negligent Misrepresentation)

47. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with the allegations of this cause of action.

48. Defendant made material representations of fact to Plaintiff as set forth above.

49. Defendant concealed material facts from Plaintiff, intentionally or recklessly.

50. The Defendant had a pecuniary interest in the concealment.

51. Defendant owed Plaintiff a duty to exercise due care and to communicate truthful and accurate information, and to specifically ensure that Plaintiff empowered to make sound financial decisions.

52. Defendant breached its duty to the Plaintiff in the above, and in such other as shown at trial.

53. The intentional misrepresentations and intentional and/or negligent breach of duty by Defendant was in conscious, reckless disregard of the rights of the Plaintiff, and caused Plaintiff to suffer damages.

54. As a direct and proximate result of the negligent, careless, reckless, willful and wanton acts and omissions of the Defendant, judgment should be granted to Plaintiff for both actual and punitive damages.

## FIFTH CAUSE OF ACTION

### (Violation of SC Code §39-5-10, Unfair Trade Practices Act)

55. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

56. The activities of the Defendant constitutes "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

57. The actions of the Defendant, above-described, constitutes unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

58. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

59. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and

proper.

                           DAVE MAXFIELD, ATTORNEY, LLC

                           s/ David A. Maxfield

                           _____
                           Dave Maxfield, Esq., SC Bar No. 7163
                           P.O. Box 11865
                           Columbia, SC 29211
                           (803) 509-6800
                           (855) 299-1656 (fax)
                           dave@consumerlawsc.com

December 17, 2020

## ELECTRONICALLY STORED INFORMATION REQUEST

      The purpose of this letter is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically any and all recordings of any telephone communication whatsoever between your company and Plaintiff.

      As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

      You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

      Electronically stored information (hereinafter, "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially

relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must take reasonable steps to secure their compliance.